Upon application of an employee for compensation under the Workmen's Compensation, Insurance and Safety Act, alleging that he had been injured in the course of his employment and that his employer was insured against such casualties by the petitioner, an award was made accordingly. The insurance company insisted that the evidence was insufficient to warrant such award, and that no finding in support thereof was made by the respondent Commission.
[1] Following an understanding between the employer and the insurer's agent that the policy in controversy would be issued and delivered upon receipt of payment of the premium, the same was issued by the company and forwarded to said agent. The premium was not paid, nor was the policy requested by the employer delivered to him, or ever in his possession. The same was subsequently returned to the insurance company. Upon the evidence to this effect findings were requested as to whether or not there had been a delivery of the policy to the employer, or to his broker to be held for him, and as to whether or not the policy had at any time been in effect. A finding was made that "said employer's insurance carrier was defendant National Automobile Insurance Company". Section 21a of the Compensation Act provides for findings by the Commission "upon all facts involved in the controversy". We think it clear that in this instance the finding above quoted is insufficient. The question of the delivery of the policy was material in *Page 741 
determining whether or not the National Automobile Insurance Company was an insurance carrier for Robertson. It was error to omit a finding of fact upon a material issue. (General Accident,Fire Life Assur. Corp. v. Industrial Acc. Com., 196 Cal. 179
[237 P. 33].)
The award is annulled.
Works, P.J., and Archbald, J., pro tem., concurred.
A petition for a rehearing of this cause was denied by the District Court of Appeal on April 25, 1933.